**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | |
|---|---|
| **CYNTHIA GASPAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:** |
| ) | |
| **PEDERSEN & HOUPT, P.C.** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CYNTHIA GASPAR (hereinafter "Plaintiff" or "Gaspar") and files her Complaint against Defendant, PEDERSEN & HOUPT, P.C., (hereinafter "Defendant" or "Pedersen") and in support states the following:

## NATURE OF THE CLAIMS

1.     This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IRHA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of her race.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3.     This Court has supplemental jurisdiction over Plaintiff's related claims arising

1

under state law pursuant to 28 U.S.C. §1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5.      Plaintiff, Gaspar, is a citizen of the United States, and was at all times relevant, a citizen of the State of Illinois.

6.      Defendant, Pedersen, is a For Profit Corporation and does business in this Judicial District at 161 N. Clark St. #2700 Chicago, Illinois 60601.

7.      Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8.      Plaintiff has complied with all statutory prerequisites to filing this action.

9.      On July 21, 2021, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Relations ("IDHR"), against Pedersen, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race discrimination, and retaliation.

10.      Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11.      On April 21, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.

12.      This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.      Plaintiff is a Hispanic female.

14.      Plaintiff was hired by Defendant on or about December 4, 2000 as Chief Financial

Officer.

15. In March 2020, Plaintiff raised concerns to Stephanie Storkel, Chief Operating Officer for Defendant, and John Hayes, Partner for Defendant, about the circumstances surrounding the firing of Tim Frazee, an employee for Defendant.

16. Thereafter, Mr. Hayes began to communicate with Plaintiff in a hostile manner.

17. Additionally, Ms. Storkel would frequently make racially discriminatory comments in the workplace.

18. For example, Ms. Storkel would make disparaging remarks about Black Lives Matter.

19. Ms. Storkel would also frequently refer to African American and Hispanic individuals as "those people."

20. Ms. Storkel also expressed her reluctance in hiring Hispanic employees, voicing support for building a wall at the Mexico border.

21. In July 2020, Plaintiff reported Ms. Storkel's comments to Brian Collins, Managing Partner for Defendant, and spoke out in opposition to the discriminatory comments made by Ms. Storkel.

22. However, no remedial action was taken to address the issue.

23. Instead, in December 2020, Plaintiff was informed by Ms. Storkel that she would receive a significantly reduced end of the year bonus as compared to prior years, despite Defendant having one of the best years financially in 2020.

24. Plaintiff later learned that she was the only employee in the firm to make less in 2020 than in 2019.

25. Due to the ongoing discrimination and retaliation, Plaintiff was left with no choice but to separate from Defendant.

3

26.     Plaintiff has been damaged by Defendant's illegal conduct.

27.     Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I: Race Discrimination in Violation of Title VII

28.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

29.     At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

30.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race.

31.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32.     Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her race.

33.     Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

34.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

35.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Retaliation in Violation of Title VII

36.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in

4

Paragraphs 1-27, above.

37.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

38.     Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

39.     Defendant's conduct violated Title VII.

40.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

41.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42.     Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

**Count III: Race Based Discrimination in Violation of the IHRA**

43.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

44.     At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

45.     Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

46.     Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's race.

47.     Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

48.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

49.     Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV: Retaliation in Violation of the IHRA

50.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

51.     Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

52.     At all times relevant to this action Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

53.     Defendant's conduct violates the IHRA.

54.     Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

55.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

56.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*